# 22-1538

In the

# United States Court of Appeals

### for the Second Circuit

Zhenkai Sun, on behalf of themselves and others similarly situated, Wei Gao, on behalf of themselves and others similarly situated, Yangyang Gao, on behalf of themselves and others similarly situated, AKA Eddie Gao, Charles Chipengule, on behalf of themselves and others similarly situated.

*Plaintiffs-Appellants,*

v.

Sushi Fussion Express, Inc., DBA Sushi Fussion, Michael M. Yugadaev, SUSHI FUSSION LLC., DBA Sushi Fussion, SUSHI FUSSION OF KINGS HWY, INC., DBA Sushi Fussion, Leva Katanov, Levi Katanov, Leo Katanov, Sushi Fussion Fivetown Inc, DBA Sushi Fussion, Sushi Fussion of 47th St Inc, DBA Sushi Fussion, Sushi Fussion of Forest Hills Inc, DBA Sushi Fussion, Sushi Fussion of NYC Inc, Hibachi Express Main St. Inc, DBA Hibachi Express

*Defendants-Appellees,*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

## Brief of Plaintiffs-Appellants

**TROY LAW, PLLC**
*Attorneys for Plaintiffs-Appellants*
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com

**On the Brief:**
Aaron B. Schweitzer
John Troy
Tiffany Troy

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................... ii

**JURISDICTIONAL STATEMENT** ........................................................................1

**STATEMENT OF ISSUES PRESENTED FOR REVIEW** ..................................1

**STATEMENT OF THE CASE** ...............................................................................2

   **I.   PROCEDURAL HISTORY** ..........................................................................2

**SUMMARY OF ARGUMENT** ................................................................................5

**ARGUMENT** ............................................................................................................6

   **I.   THE DISTRICT COURT ERRED IN REQUIRING DEMONSTRATION THAT WORK IN BANKRUPTCY PROCEDING WAS "CRITICAL"** ..................................................................................6

   **II.   THE DISTRICT COURT ERRED IN HOLDING THAT PLAINTIFFS NEEDED TO DEMONSTRATE THAT THEIR ATTORNEY'S WORK IN THE BANKRUPTCY CASES WAS EITHER NECESSARY OR CRITICAL TO OBTAINING A RESULT AGAINST LEVA KATANOV AND SUSHI FUSSION LLC** ............................................7

   **III.   PLAINTIFFS' ATTORNEY'S WORK IN THE BANKRUPTCY COURT WAS NECESSARY TO OBTAINING A JUDGMENT ON LIABILITY AGAINST MICHAEL M. YAGUDAEV AND SUSHI FUSSION EXPRESS, INC.** ..................................................................8

**CONCLUSION** .........................................................................................................9

**CERTIFICATE OF COMPLIANCE** ...................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Bocangel v Warm Heart Family Assistance Living, Inc.*, No. 16-cv-03989 (PX),
 2021 WL 4316907 (D. Md. Sep. 23, 2021) ..........................................................9

*Cisneros-Calderon v. Salinas Enters., LLC*, 2016 U.S. Dist. LEXIS 126611, 2016
 WL 11483853 (S.D.N.Y. Sep. 14, 2016) .............................................................7

*Cortes v. New Creators, Inc.*, No. 15-cv-05680 (PAE), 2016 U.S. Dist. LEXIS
 79757, 2016 WL 3455383 (S.D.N.Y. June 20, 2016) .........................................7

*Easterly v. Tri-Star Transp. Corp.*, 11-cv-06365 (VLB) (PED), 2014 U.S. Dist.
 LEXIS 180999, 2015 WL 337565 (S.D.N.Y. Jan. 23, 2015) ..............................7

*Leevson v. Aqualife USA Inc.*, 770 Fed. Appx. 577 (2d Cir. 2019) .........................2

*Lora v. J.V. Car Wash Ltd.*, No. 11-cv-09010 (LLS), 2015 U.S. Dist. LEXIS
 155954, 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015) .......................................7

**Statutes**

28 U.S.C. § 1291 ........................................................................................................1

28 U.S.C. § 1331 ........................................................................................................1

28 U.S.C. § 1332(d)(2) ..............................................................................................1

28 U.S.C. § 1367(a) ...................................................................................................1

Plaintiffs-Appellants Zhenkai Sun, Wei Gao, Yangyang Gao a/k/a Eddie Gao, and Charles Chipengule (collectively "Plaintiffs"), appeal from an opinion and order, SA-1–14, entered pursuant to an Opinion and Order by the United States District Court for the Eastern District of New York (Rachel P. Kovner, J.) denying Plaintiffs' attorneys' fees from Sushi Fussion Express, Inc. and Michael M. Yagudaev for their counsels' work opposing these Defendants-Appellees' bankruptcy.

## JURISDICTIONAL STATEMENT

The District court had subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(d)(2), and 1367(a). This Court has jurisdiction over this appeal under 28 U.S.C. § 1291. Following entry of an Opinion and Order on June 17, 2022, in relevant part denying Plaintiffs' application for attorneys' fees for their attorneys' work opposing the bankruptcy petitions of Sushi Fussion Express, Inc. and Michael M. Yagudaev, *see* SA-1–14. Plaintiffs timely filed a notice of appeal on July 17, 2022. *See* SA-15.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

The issues on appeal are:

1. Whether the District court erred in not awarding attorney fees, to be paid by Michael M. Yagudaev and Sushi Fussion Express, Inc., for attorney work performed in their bankruptcy actions; and

2. Whether the District Court erred in applying a standard that the legal work performed in the bankruptcy proceedings be "critical" to obtaining a judgment in the

1

underlying case against defendants seeking bankruptcy protection before awarding fees incurred in the bankruptcy actions.

The appellate court reviews a district court's award of attorneys' fees for abuse of discretion. *See Leevson v. Aqualife USA Inc.*, 770 Fed. Appx. 577 (2d Cir. 2019).

## STATEMENT OF THE CASE

### I. PROCEDURAL HISTORY

On August 30, 2016, Plaintiffs Wei Gao and Zhenkai Sun brought suit under the Fair Labor Standards Act and New York Labor Law against Sushi Fussion Express, Inc. and Michael M. Yagudaev for, among other things, unpaid minimum and overtime wages. *See* A-1–22. Attorney Jason M. Baxter appeared on behalf of Sushi Fussion Express, Inc. and Michael M. Yagudaev, *see* A-23, and these defendants Answered the claims against them, and brought counterclaims against Wei Gao and Zhenkai Sun, on November 18, 2016. *See* A-24–31. Plaintiffs amended their Complaint on November 21, 2016 to add Yangyang Gao as a party plaintiff pursuing similar claims, and to name additional defendants who are not subject matter in this appeal. *See* A-32–60. Plaintiffs answered the counterclaims against them (despite them appearing in an answer to a non-operative complaint) on January 23, 2017, *see* A-61–64, and further amended their Complaint on July 17, 2017 to name Charles Chipengule as a party plaintiff pursuing similar claims, and to name

additional defendants who are not subject matter in this appeal. *See* A-66–102. Sushi Fussion Express, Inc. and Michael M. Yagudaev never answered either the first or second Amended Complaints. On May 15, 2017, attorney Robert Aronov substituted for attorney Baxter on behalf of Sushi Fussion Express, Inc. and Michael M. Yagudaev. *See* A-65.

However, in or about March 2018, Michael M. Yagudaev (on behalf of himself and Sushi Fussion Express) stopped cooperating with attorney Aronov, and the latter moved to withdraw. *See* A-103–109; *see also* A-112–113 (Plaintiffs' motion to compel disclosure of collective information in compliance with prior court order). Michael M. Yagudaev did contact Charles Chipengule, one of the Plaintiffs herein, to threaten him to drop his lawsuit. *See* A-114. Accordingly, the District Court Ordered Michael M. Yagudaev to appear at a conference on April 25, 2018. *See* A-110–111, 115–120. At this conference, attorney Aronov was permitted to withdraw, Sushi Fussion Express, Inc. (and Hibachi Express, Inc.) were ordered to obtain new counsel, and Michael M. Yagudaev was ordered to obtain new counsel or proceed *pro se*. *See* A-121–124. However, Sushi Fussion Express, Inc. (and Hibachi Express, Inc.) did not obtain new counsel. *See* A-131–132. Accordingly Plaintiffs obtained a certificate of default from Clerk of the Court Douglas C. Palmer with respect to Sushi Fussion Express, Inc. on August 6, 2018. *See* A-133. Michael M. Yagudaev stopped participating in the case after about August 10, 2018,

3

following the filing of Sushi Fussion Express, Inc.'s bankruptcy, *see* A-139; and following his failure to appear at pretrial conferences or trial, Plaintiffs obtained a certificate of default against him on December 29, 2021. *See* A-140–149, A-254. The Magistrate Judge recommended that Plaintiffs be granted default judgment as to liability of Sushi Fussion Express, Inc. Hibachi Express, Inc., and Michael M. Yagudaev, and despite 14 days having passed without objection, the District Court has not addressed this portion of the report and recommendation. *See* A-304. Plaintiffs have filed a second motion for default on damages with respect to these defendants, which is still pending. *See* A-326–380.

Meanwhile, on April 24, 2018, Michael M. Yagudaev petitioned for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. *See* A-398–447. Plaintiffs objected to dischargeability in an adversary proceeding on May 21, 2018, *see* A-596–599, and moved to lift the automatic stay in the District Court on May 23, 2018. *See* A-448–463. That motion was granted on August 6, 2018. *See* A-484–485. On October 3, 2018, Plaintiffs moved for discovery under Bankruptcy Rule 2004, *see* A-486–593, but this motion was never opposed or ruled on. Meanwhile, the Trustee had moved to dismiss Michael M. Yagudaev's petition for delinquency in producing documents, *see* A-465–474, a motion which was granted over opposition on October 19, 2018. *See* A-475 – 479, A-594–595. This also put an end to the adversary proceeding.

4

However, on July 31, 2018, days before the lifting of the automatic stay in the District Court imposed by Michael M. Yagudaev's Chapter 7 petition, Sushi Fussion Express, Inc. petitioned for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. *See* A-622–647. Notice of this subsequent petition would be filed to the District Court on August 10, 2018. *See* A-139. Plaintiffs again moved to lift the automatic stay, and for a 2004 examination. *See* A-648–663, A-667–671. These motions were never ruled on, however. On September 4, 2018, the Trustee moved to dismiss for failure of Sushi Fussion Express, Inc. to appear at a meeting of creditors, *see* A-664–666, a motion which was granted without opposition on October 31, 2018. *See* A-672–680.

## **SUMMARY OF ARGUMENT**

The District Court erred in applying a standard for award of attorney fees in collateral cases that the attorney's work in the collateral case be "critical" to the resolution of the underlying case rather than the "necessary" standard applicable in this District.

Further, under the "necessary" standard, Plaintiffs' counsel's work in the bankruptcy case would be compensable, as it permitted the case to go forward with respect to Michael M. Yagudaev between August 6, 2018 (when the automatic stay was lifted) and October 19, 2018 (when Michael M. Yagudaev's petition was dismissed), including moving to compel compliance with the Court's Order granting

5

conditional collective certification and requiring production of employee contact information and the August 8, 2018 conference with respect thereto.

## ARGUMENT

### I. THE DISTRICT COURT ERRED IN REQUIRING DEMONSTRATION THAT WORK IN BANKRUPTCY PROCEDING WAS "CRITICAL"

In denying an award of attorney fees to be paid by Michael M. Yagudaev and Sushi Fussion Express, Inc. for Plaintiffs' counsel's work on the bankruptcy action, the District Court held that "with respect to the jury verdict against Katanov and Sushi Fussion LLC, plaintiff has not established that the legal work performed in the bankruptcy proceedings was 'critical.'" *See* SA-11[].

However, "[c]ourts in this District have held that counsel in FLSA actions may be reimbursed for reasonable fees and costs incurred in connection with bankruptcy proceedings where such work is 'necessary for the resolution of the claims' in the FLSA lawsuit," not 'critical.' *Cortes v. New Creators, Inc.*, No. 15-cv-05680 (PAE), 2016 U.S. Dist. LEXIS 79757, 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) (quoting *Lora v. J.V. Car Wash Ltd.*, No. 11-cv-09010 (LLS), 2015 U.S. Dist. LEXIS 155954, 2015 WL 7302755, at *6–7 (S.D.N.Y. Nov. 18, 2015) (approving reimbursement where plaintiffs' counsel provided "a detailed and uncontested account of the work they performed in the bankruptcy case and the reasons they needed to remain involved to safeguard their clients' interests"); also

6

citing *Easterly v. Tri-Star Transp. Corp.*, 11-cv-06365 (VLB) (PED), 2014 U.S. Dist. LEXIS 180999, 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015) (awarding fees in FLSA case for time plaintiff's counsel spent "on related matters including… the bankruptcy of individual defendants")). An award of fees to bankruptcy counsel is "justified given the complex issues facing Plaintiffs, the interrelationship between this action and the bankruptcy proceeding, and plaintiffs' counsel's belief that the intent behind the bankruptcy filing may have been to thwart Plaintiffs' efforts to recover damages on their FLSA and NYLL claims." *Id.*; *see also Cisneros-Calderon v. Salinas Enters., LLC*, 2016 U.S. Dist. LEXIS 126611, 2016 WL 11483853 (S.D.N.Y. Sep. 14, 2016) (corporate debtor in FLSA case sought bankruptcy protection, FLSA creditors opened adversary proceeding based on fraudulent omissions in the bankruptcy filings and held trial in bankruptcy court on the merits, bankruptcy court found for creditors and permitted trial on underlying claim to proceed in district court, district court awarded attorney fees to plaintiff).

**II. THE DISTRICT COURT ERRED IN HOLDING THAT PLAINTIFFS NEEDED TO DEMONSTRATE THAT THEIR ATTORNEY'S WORK IN THE BANKRUPTCY CASES WAS EITHER NECESSARY OR CRITICAL TO OBTAINING A RESULT AGAINST LEVA KATANOV AND SUSHI FUSSION LLC**

Further, Plaintiffs did not ask Leva Katanov and Sushi Fussion LLC to be liable for attorney fees only attributable to Michael M. Yagudaev and Sushi Fussion Express, Inc., only that these sets of defendants be jointly and severally liable for

7

fees for tasks that touched both of them (for instance, filing amended complaints that named them both, serving document discovery on both, attending conferences with both of their attorneys, etc.). Plaintiffs obtained a favorable result on liability with respect to Michael M. Yagudaev and Sushi Fussion Express, Inc. (14 days have passed since Magistrate's report and recommendation without action; finding on damages is outstanding), and were applying for attorney fees for obtaining *that* result.

### III. PLAINTIFFS' ATTORNEY'S WORK IN THE BANKRUPTCY COURT WAS NECESSARY TO OBTAINING A JUDGMENT ON LIABILITY AGAINST MICHAEL M. YAGUDAEV AND SUSHI FUSSION EXPRESS, INC.

Plaintiffs' counsels' diligence in securing a lift of the automatic stay with respect to Michael M. Yagudaev permitted the case in the District Court to proceed against him between August 6, 2018 (when the automatic stay was lifted) and October 19, 2018 (when Michael M. Yagudaev's petition was dismissed). But it is not clear that Michael M. Yagudaev's petition would have been dismissed in October 2018 had Plaintiff's counsel not diligently pursued Plaintiffs' rights in the Bankruptcy Court—up until about August 10, 2018, Michael M. Yagudaev was participating in the District Court proceedings, and, had these not been un-stayed, he would likely have complied with the Trustee's disclosure requirements, non-compliance with which ultimately led to his petition's dismissal. *See Bocangel v Warm Heart Family Assistance Living, Inc.*, No. 16-cv-03989 (PX), 2021 WL 4316907, at *4 (D. Md. Sep. 23, 2021) (holding that absent Plaintiffs' counsel's

8

involvement in the bankruptcy matters, "Defendants could have succeeded in declaring bankruptcy" without ever paying Plaintiffs their wages owed.). Likewise with respect to Sushi Fussion Express, Inc.'s bankruptcy petition; this petition was filed mere days before the stay in Michael M. Yagudaev's petition was lifted, and only after that did the corporation start failing to comply with the requirements of the Bankruptcy Code (here, to attend a meeting of creditors). Only after seeing the writing on the wall, that Plaintiffs would not simply let him disappear into bankruptcy proceedings, did Michael M. Yagudaev and his corporation, Sushi Fussion Express, Inc., stop participating in any matter, attempting to disappear in fact. And it was this disappearance that led to his default and a report and recommendation that liability be found. Accordingly, Plaintiffs' counsel's work in the bankruptcy matter was necessary to achieving the outcome achieved in this case.

## **CONCLUSION**

For all the reasons stated above, this Court should reverse the decision of the District Court and remand this matter to the District Court.

Dated:     Flushing, NY
           November 1, 2022

                                                             Respectfully submitted,
                                                           **TROY LAW, PLLC**

                                                           */s/ Aaron B. Schweitzer*
                                                           Aaron B. Schweitzer
                                                           John Troy
                                                           Tiffany Troy

        41-25 Kissena Boulevard
        Suite 103
        Flushing, NY 11355
        (718) 762-1324
        *troylaw@troypllc.com*
        *Attorneys for Plaintiffs-Appellants*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that:

1. This brief complies with the page limitation of Fed. R. App. P. 32(a)(7)A) or the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,049 words; and

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14 pt Times New Roman, a proportionally spaced serif typeface.

Dated:     Flushing, NY
             November 1, 2022

                                      Respectfully submitted,
                                      **TROY LAW, PLLC**

                                      */s/ Aaron B. Schweitzer*
                                      Aaron B. Schweitzer
                                      John Troy
                                      Tiffany Troy
                                      41-25 Kissena Boulevard
                                      Suite 103
                                      Flushing, NY 11355
                                      (718) 762-1324
                                      *troylaw@troypllc.com*
                                      *Attorneys for Plaintiffs-Appellees*